1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  DEREK R. OWENS (CABN 230237)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, 11th Floor
6      San Francisco, California  94102
       Telephone:  (415) 436-6488
7      Fax:  (415) 436-7234
       Email: Derek.Owens@usdoj.gov
8
   Attorneys for Plaintiff
9

10                          UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                              SAN FRANCISCO DIVISION

13

14 | UNITED STATES OF AMERICA,      )   No. CR 07-0328 MHP
                                    )
15 |      Plaintiff,                )   UNITED STATES' SENTENCING
                                    )   MEMORANDUM
16 |      v.                        )
                                    )
17 | ERNESTO R. RODRIGUEZ,          )   Hearing:    January 7, 2008
                                    )   Time:       9:00 a.m.
18 |      Defendant.                )   Courtroom:  15, 18th Floor
                                    )               Hon. Marilyn Hall Patel
19

20

21                                I.  INTRODUCTION

22         On July 2, 2007, defendant Ernesto R. Rodriguez pled guilty to one count of abusive

23  sexual contact, in violation of 18 U.S.C. § 2244(a)(2), pursuant to Rules 11(c)(1)(C) of the

24  Federal Rules of Criminal Procedure.  This Court has set January 7, 2008, at 9:00 a.m. as the

25  date for judgment and sentencing.  The government submits the following sentencing

26  memorandum in order to advise the Court of the government's sentencing guideline calculations,

27  any objections to the presentence report ("PSR"), and its sentencing recommendation.

28

SENTENCING MEMORANDUM
CR 07-0328 MHP

## II. GUIDELINES CALCULATION

The government has calculated that the defendant's criminal history category is a I, and the adjusted offense level under the Sentencing Guidelines is 31. PSR ¶ 4-7. This places the defendant in Zone D of the Sentencing Guidelines, with a range of 108 to 135 months of imprisonment. Pursuant to U.S.S.G. § 5G1.1(a), where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence. U.S.S.G. § 5G1.1(a). This sets the guideline range for the defendant at the statutory maximum of 36 months.

Because the maximum term of imprisonment for the instant offense is 36 months custody followed by one year of supervised release, and for the reasons below, the government is recommending a sentence of 36 months custody and one year of supervised release. Such a sentence will properly account for the factors in Title 18, Section 3553(a).

## III. BACKGROUND

1. <u>Defendant's Offense Conduct</u>.

On February 13, 2007, the defendant picked up a female prostitute near the corner of Pine and Van Ness Streets in San Francisco in a dark green Geo Metro. PSR ¶ 6. While driving, defendant told victim his name was Carlos and then started using his cell phone like a walkie-talkie, speaking into it and saying, "10-4, we've got a walker." He did this as he drove the victim towards the Presidio Trust, and eventually identified himself as a police officer and asked to see her ID. Id. He told her that he would not arrest her if she performed sexual services for him. Id.. She told him that she would rather be arrested. Id. Defendant drove to the area of Pop Hicks Field on the Presidio, pulled his pants down, and took the victim by the back of her head and forced her to perform oral sex. Id.

The victim attempted to escape from the car, but defendant held the switch to the door locks down so she could not leave the car. PSR ¶ 6. The victim then struck defendant in his temple, and he struck her in the face and placed her in a headlock. PSR ¶ 7. He threatened her by saying, "If you don't stop struggling, I'm really going to hurt you." Id. The victim was able to jump out of the car and run to call the police. Id. The United States Park Police issued a

SENTENCING MEMORANDUM
CR 07-0328 MHP                                              2

look-out for the dark green Geo, and it was spotted going north on Ocean Beach at about 2:30 a.m. After a stop of the vehicle, a search of the defendant turned up the victim's driver's license in his right front pocket. Id.

  2. <u>Defendant's Past Criminal History</u>.

  The defendant has a misdemeanor battery conviction from 1999. PSR ¶ 28. The facts of that incident indicate that the defendant struck his girlfriend in the face. Id. That report also indicates that the defendant had struck that victim on ten prior occasions. Id.

IV.  ARGUMENT

THE COURT SHOULD IMPOSE A SUBSTANTIAL CUSTODIAL SENTENCE.

  After <u>Booker</u>, a sentencing court must use the Guidelines as a "starting point." The Guidelines do not dictate a presumptively reasonable sentence. Rather, the Guidelines are simply one factor for the sentencing court to consider. <u>United States v. Zavala</u>, 443 F.3d 1165, 1170-71 (9th Cir. 2006). As the Ninth Circuit recently held, sentencing courts "must properly use the Guideline calculation as advisory and start there, but they must not accord it greater weight than they accord the other § 3553(a) factors. Rather, they must consider all of the information before them, as they used to do, and then reach for the correct sentences under all of the circumstances." <u>Id.</u> at 1171.

  Under 18 U.S.C. § 3553(a), the sentencing court must consider the following factors in addition to the sentence specified by the Guidelines:

    1. "the nature and circumstances of the offense";

    2. "the history and characteristics of the defendant";

    3. "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter; "to protect the public . . .";

    4. and to provide treatment and rehabilitation.

  A. <u>The Defendant Has Earned A Sentence of 36 Months in Custody.</u>

  As discussed above in Section II, the Guideline range for the offense conduct is 36 months. The government recommends a custodial sentence of 36 months. The defendant's

SENTENCING MEMORANDUM
CR 07-0328 MHP       3

conduct is very serious, and 36 months is a substantial, appropriate, and reasonable sentence. He has earned this substantial custodial sentence for the following reasons:

1. "the nature and circumstances of the offense"

The instant offense occurred after the defendant had solicited the victim to engage in sexual services. Although the abusive sexual contact was not the level of some of the more severe sexual assaults, it was nonetheless a violent act where the defendant used sheer physical force and fear to have sexual contact with the victim. Such violent behavior is the sort that injects fright into any community and is of the most abhorrent of crimes. Given the seriousness of this offense, a substantial period of custody and a mandatory registration as a sexual offender pursuant to California state law should be included as a condition of sentencing.

2. "the history and characteristics of the defendant"

The history of the defendant includes an education and professional life in the San Francisco Bay Area. His sole criminal conviction was for battery in 1999. That conviction, however, followed numerous instances of violent behavior against that victim, his girlfriend. PSR ¶ 28. The defendant's violence against women continued into subsequent relationships. In fact, the defendant candidly admits that he has committed domestic abuse against his current girlfriend. Id. at ¶ 33. This track record of violence against women, coupled with the instant offense, demonstrates that the defendant has a need for mental health treatment as part of his custodial sentence and his supervised release. The defendant has been participating in individual psychotherapy while on pretrial release. Id. at ¶ 38. He has indicated that he is benefitting from the counseling because he is able to examine some of the underlying issues for his behavior and assess how his past experiences may have contributed to the instant offense. Id.

3. "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law," to deter; and "to protect the public," and to provide treatment and rehabilitation.

The Court should find that a substantial period of custody is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The defendant not only used violence as a means to obtain

SENTENCING MEMORANDUM
CR 07-0328 MHP                                                   4

sexual contact with the victim, he also posed as a peace officer.  In making false representations as an officer in order to perpetuate his unlawful conduct, the defendant contributed to the erosion of the confidence and trust that a community has in police officers.  This conduct shows a clear disregard for the rule of law and demonstrates a need for a sentence that will promote respect for the law.  It also demonstrates the need for the sentence to deter this sort of reckless, dangerous conduct, and to protect the public from individuals who use the role of a peace officer as a guise for criminal conduct.  The defendant's registration as a sexual offender will serve to protect the public from this sort of conduct.

The government's recommendation of 36 months serves the goals of punishment under § 3553(a).  This sentence – three years – represents a substantial amount of prison time as punishment.  This recommendation incorporates the aggravating factors of the offense while at the same time recognizing that defendant has admitted guilt early in the case and has already commenced treatment for his mental health problems.  The government submits that such treatment will enhance defendant's opportunity for successful rehabilitation.

## V.  CONCLUSION

When balancing all of the factors of § 3553(a), the government submits that this sentence will serve the goals of deterrence, punishment and community safety, while at the same time taking into account the nature of the offender and the opportunity for rehabilitation.  For the reasons set forth above, the government recommends the Court impose a custodial sentence of 36 months, and a supervised release term of one year.

DATED: December 31, 2007                           Respectfully submitted,

                                                   SCOTT N. SCHOOLS
                                                   United States Attorney

                                                   /s/ Derek R. Owens
                                                   _____
                                                   DEREK R. OWENS
                                                   Assistant United States Attorney

SENTENCING MEMORANDUM
CR 07-0328 MHP                          5