UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco venue)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Docket No.** |
| | ) | **CR 07-0328-01 MHP** |
| ERNESTO R. RODRIGUEZ | ) | |

**DEFENDANT'S REQUEST FOR DECLARATION OF
RULE 11(c)(1) CALIFORNIA PENAL CODE VIOLATION**

The offense underlying this plea occurred in the Presidio of San Francisco, a park administered under the authority of the U.S. Department of the Interior. Mr. Rodriguez's conduct was not directed at the U.S. government nor did it implicate interstate commerce concerns. It was conduct which was specifically addressed and criminalized by the State of California; it was prosecuted federally because it occurred on federal land.

The state statute on which the plea was based is California Penal Code[1] § 243.4(a) which provides:

> Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

---

[1] Hereinafter, all statutory references are to the California Penal Code unless otherwise noted.

1

Accordingly, the U.S. Probation Officer recommended that Mr. Rodriguez be required to register as a sex offender. In California, the registration statute which covers §243.4 is §290(a)(1). One of the terrible and ill-conceived consequences of registration is the disclosure on the Internet of the following offender information: name, known aliases, a photograph, a physical description, including gender and race, *date of birth*, criminal history, *the community of residence and ZIP code of residence* "and any other information that the Department of Justice deems relevant." (Pen. C §§ 290.46(d)(1) and (d)(2)(A).)

Some very small relief from this onerous disclosure is provided, however, for a person convicted of § 243.4. Section 290.46(e) allows a person convicted of § 243.4 to petition the California Department of Justice to be excluded from the Internet disclosure.[2] Under the exclusion provision, the registrant bears the burden of establishing that he is statutorily eligible to apply for relief.

Mr. Rodriguez's offense of conviction is a violation of 18 U.S.C. § 2242(a)(2) – "abusive sexual contact." It will be Mr. Rodriguez's burden to

---

[2] Section 290.46(e)(1) provides, in pertinent part that:

> If a person has been convicted of the commission or the attempted commission of any of the offenses listed in this subdivision, and he or she has been convicted of no other offense listed in subdivision (b), (c), or (d) other than those listed in this subdivision, that person may file an application with the Department of Justice, on a form approved by the department, for exclusion from the Internet Web site. If the department determines that the person meets the requirements of this subdivision, the department shall grant the exclusion and no information concerning the person shall be made available via the Internet Web site described in this section. He or she bears the burden of proving the facts that make him or her eligible for exclusion from the Internet Web site. However, a person who has filed for or been granted an exclusion from the Internet Web site is not relieved of his or her duty to register as a sex offender pursuant to Section 290 nor from any otherwise applicable provision of law.

(2) This subdivision shall apply to the following offenses:

> (A) A felony violation of subdivision (a) of Section 243.4.

demonstrate to the California Department of Justice the nature of the conduct underlying the conviction. Inasmuch as his plea was guided by and based upon a violation of the specific conduct described in a California Penal Code statute, i.e. §243.4(a), we respectfully submit that it would be just and appropriate for this Court to reflect this in the written record and we so request.

> [T]here can be no doubt that the "widespread public access," . . . to this personal and constantly updated information has a severe stigmatizing effect. See Brief for the Office of the Public Defender for the State of New Jersey et al. as *Amici Curiae* 7-21 (providing examples of threats, assaults, loss of housing, and loss of jobs experienced by sex offenders after their registration information was made widely available). In my judgment, these statutes unquestionably affect a constitutionally protected interest in liberty.

(*Smith v. Doe* (2003) 538 U.S. 84, 111-112, J. Stevens dissenting.)

Dated:  January 5, 2008

                                Respectfully submitted,
                                GAYLE GUTEKUNST
                                ROBERT AMPARAN
                                Attorneys for Ernesto Rodriguez

                                By:  /s/ GAYLE GUTEKUNST
                                     Gayle Gutekunst

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of January, 2008, I served the foregoing DEFENDANT'S REQUEST FOR DECLARATION OF RULE 11(c)(1) CALIFORNIA PENAL CODE VIOLATION on the United States Attorney for the Northern District of California by email addressed as follows:

Derek Owens, Special Ass't U.S. Attorney
Derek.Owens@usdoj.gov

and that I served a copy on U.S. Probation for the Northern District of California by faxing a copy to

Ms. Cheryl Simone, US Probation for the Northern District of California at 415-436-7572.

      /s/ GAYLE GUTEKUNST
      GAYLE GUTEKUNST
      Attorney at Law
      506 Broadway
      San Francisco, CA 94133
      (415) 986-5591
      fax: (415) 421-1331
      gutekunst@gutekunstlaw.com